IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSE DUPREE, JR.,

      Plaintiff,                       No. CIV S-11-0309 EFB P

      vs.

LEYLA SANTIAGO, et al.,

      Defendants.               <u>ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). However, determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry.

////

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This plausibility requirement is "not akin to a 'probability requirement,' but is asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In his complaint, plaintiff sues Leyla Santiago, Lisa Kroh, and Cambi Brown, of "Eyewitness News." He makes the following incoherent allegations:

> The appellater paper work sent to these various people in the news have been used as an instrument of extortion. To keep the people who have stolen his music constantly under attack for small money. But, also impeded the First Amend. Right of the petitioner. Which is, freedom of speech and freedom of press. This has been a ploy by all the news affiliates the appellate has contacted. They are responsible for denying the petitioners 1st Amend. and 14th Amend. Rights. For their own evil gain. This has been a game by all the news teams I've gotten at and will continue to be. Because, they are all watching me on satellite they act like they help. Then, once I send my paperwork they extort. So goes the cycle. Reference case #2:10-cv-2900 GGH.
>
> The appellate requests in relief: his freedom from prison ASAP and (800 million dollars) in damages for them denying the appellate his constitutional rights and causing him pain and suffering.

Dckt. No. 1. Although plaintiff's claim is purportedly brought under 42 U.S.C. § 1983, plaintiff has failed to allege any facts that support such a claim. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff's complaint has not alleged any facts suggesting a violation of a federal constitutional or statutory right or any facts suggesting improper conduct by a person or persons acting under color of state law. Nor does plaintiff's complaint give defendants fair notice of what the claim is and the grounds upon which it rests. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Additionally, plaintiff's reference to Case. No. 2:10-cv-2900, does not assist him. In that action, plaintiff purported to have filed an application for a writ of habeas and made allegations similar to those raised in this action.[1] The court characterized those allegations as "virtually incoherent and nonsensical" and summarily dismissed the action as "wholly meritless and defective." *See Dupree v. CBS Network*, No. 2:10-cv-2900 WBS GGH, Dckt. Nos. 1, 3, 8. This action, too must be summarily dismissed.

////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

The court will not grant plaintiff leave to file an amended complaint. Plaintiff's complaint not only lacks merit, but it is also completely unintelligible and "cannot possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This case is dismissed with prejudice due to plaintiff's failure to state a claim upon which relief may be granted.

4. The Clerk is directed to close this case.

DATED: February 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE